UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE YATES,
    Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE
    Defendant.

Case No. 1:15-cv-377
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

## I. Introduction

Plaintiff Lawrence Yates brings this pro se action involving his home mortgage against defendant Wells Fargo Home Mortgage.[1] This matter is before the Court on defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief (Doc. 12), plaintiff's response in opposition (Doc. 16), and plaintiff's "amended answer" (Doc. 17). This matter is also before the Court on plaintiff's motion for leave to amend his complaint (Doc. 18),[2] defendant's motion to strike plaintiff's amended complaint (Doc. 19), and plaintiff's response in opposition (Doc. 20).

---

[1] As an initial matter, plaintiff's complaint does not clearly indicate the source of federal jurisdiction over his claim. Construing the complaint liberally, the undersigned determines that diversity jurisdiction under 28 U.S.C. § 1332 is the only possible source of federal jurisdiction for plaintiff's complaint as currently pled. Plaintiff is a citizen of Ohio and it appears that defendant may be a citizen of Alabama, California, or Iowa. (*See* Doc. 3-1; Modification Agreement, Doc. 12-13, Exh. M; Doc. 18 at 3-11, 13). Construing plaintiff's pro se filings liberally, he asserts that he was "duped" into refinancing his initial mortgage into a new 30-year term such that the 15 years of payments under his original mortgage were "stolen." (*See* Doc. 3 at 3; Doc. 16 at 1-2; Doc. 17 at 1-2). For purposes of the instant motions, the undersigned assumes that plaintiff's alleged 15 years of "stolen" mortgage payments, refinancing costs, and extended payment obligations exceed the $75,000 amount-in-controversy requirement for invoking federal jurisdiction under § 1332. 28 U.S.C. § 1332(a).

[2] Plaintiff entitles this document "Amend[ed] Complaint." As explained below, the Court construes this as a motion for leave to amend his complaint.

## II. Facts[3]

On December 31, 1987, Home Investment Corporation ("HIC") conveyed a general warranty deed to plaintiff for a condominium in Fairfield, Ohio located at 5350 Camelot Drive.[4] (Doc. 3 at 3; General Warranty Deed dated Dec. 31, 1987, Doc. 12-2, Exh. B). On the same day, plaintiff executed a mortgage on the property in favor of HIC in the amount of $42,750. (Mortgage dated Dec. 31, 1987, Doc. 12-2, Exh. C). Plaintiff filed for bankruptcy on September 21, 2000 and received a discharge on March 1, 2001. (Docket for case no. 1:00-bk-15166 in U.S. Bankruptcy Court for the Southern District of Ohio, Doc. 12-4, Exh. D). On April 2, 2002, plaintiff executed a mortgage on the property in favor of First Franklin Financial Corporation ("First Franklin") in the amount of $50,150. (Mortgage dated Apr. 2, 2002, Doc. 12-5, Exh. E). On April 15, 2002, HIC released plaintiff from the December 1987 mortgage. (Release of Mortgage effective Apr. 15, 2002, Doc. 12-6, Exh. F). On September 24, 2003, plaintiff executed a mortgage on the property in favor of Integrity Mortgage Corporation ("Integrity") in the amount of $53,708. (Open-End Mortgage dated Sept. 24, 2003, Doc. 12-7, Exh. G). On October 15, 2003, First Franklin released plaintiff from the April 2002 mortgage. (Release of Mortgage dated Oct. 15, 2003, Doc. 12-8, Exh. H). On September 24, 2003, Integrity assigned its mortgage to Washington Mutual Bank, F.A. ("Washington Mutual"). (Assignment dated Sept. 24, 2003, Doc. 12-9, Exh. I). On December 14, 2006, Washington Mutual assigned the Integrity mortgage to defendant. (Assignment dated Dec. 14, 2006, Doc. 12-10, Exh. J).

---

[3] The parties have attached to their briefs documents related to the history of the mortgages on plaintiff's property. The Court may take judicial notice of these documents without converting defendant's motion to dismiss into a motion for summary judgment. *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (holding that a court "may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice"); Fed. R. Evid. 201(c)(2) (providing that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

[4] In his complaint, plaintiff indicates that he purchased this property in December 1979; however, the deed shows that the property was conveyed to plaintiff in December 1987. (*See also* Butler County, Ohio Recorder Search for Lawrence Yates, Doc. 12-1, Exh. A).

2

Plaintiff filed for bankruptcy on September 6, 2011 and received a full discharge on January 23, 2012. (Docket for case no. 1:11-bk-15433 in U.S. Bankruptcy Court for the Southern District of Ohio, Doc. 12-11, Exh. K). In his bankruptcy petition, plaintiff indicated that defendant held a secured claim in the amount of $53,000. (Bankruptcy Petition filed Sept. 6, 2011, Doc. 12-12, Exh. L at 1, 12).

In July 2012, plaintiff signed a loan modification agreement with defendant for the Integrity mortgage. (Modification Agreement, Doc. 12-13, Exh. M). The agreement indicated that plaintiff never reaffirmed during the bankruptcy proceedings the debt owed to defendant, but that plaintiff wished to retain the property and acknowledged "that [defendant's] security interest and lien are still valid and enforceable." (*Id.* at 1). The agreement further indicated plaintiff's acknowledgement that "absent this Agreement, [defendant] is entitled to enforce its security interest in the Property, and to foreclose and dispose of the Property in accordance with the Security Instrument and applicable state law." (*Id.*). Plaintiff acknowledged that he was agreeing to the modification "for the sole purpose of retaining the Property and that [plaintiff] has no personal obligation to repay the debt secured by the Property which was discharged in bankruptcy." (*Id.*). Under the modification agreement, plaintiff acknowledged that he would pay defendant $51,920.27 plus annual interest of 4.25% on the unpaid principal balance. (*Id.* at 2). Plaintiff agreed to make monthly payments for 30 years beginning in September 2012. (*Id.*).

In his complaint, plaintiff alleges he bought his condominium from builder Robert McCormick who was doing business as HIC. (Doc. 3 at 3). In 2003, plaintiff learned that Mr. McCormick "did not list with the credit bureau." (*Id.*). So that his mortgage payments would become part of his credit rating, plaintiff approached Integrity to "transfer" his mortgage from HIC to Integrity. (*See id.*; Letter from plaintiff to defendant dated Jul. 19, 2015, Doc. 17-1, Exh. 1). Plaintiff indicates he now knows there is no such thing as a transfer of a mortgage and that

3

Integrity "duped" him into believing he was transferring his existing mortgage when he was actually refinancing with Integrity for a new 30-year term. (Doc. 3 at 3). Plaintiff alleges he made more than $67,000 in payments to HIC over a 15-year period, so "it is unconscionable that [he] would commit [to] thirty years above the fifteen years [he] already paid." (*Id.*). He asserts defendant is liable because defendant owns both Integrity and Washington Mutual. (*Id.*). Plaintiff contends Integrity "fraudulently" refinanced his mortgage when he intended to transfer it, so that the 15 years of payments made to HIC were "stolen." (*See* Doc. 16 at 1-2; Doc. 17 at 1-2).

Defendant filed its motion to dismiss on August 12, 2015. (Doc. 12 at 14). On September 30, 2015, plaintiff filed a document that he entitles an amended complaint. (Doc. 18 at 1). Plaintiff indicates he is making a "motion to invoke a continuance of [his] complaint." (*Id.*). Plaintiff attaches correspondence he received from defendant between June 18 and September 3, 2015 in response to his inquiries concerning the amount he had paid to HIC through 2003. (*See* Doc. 18 at 3-13). This correspondence indicates that defendant's mortgage specialists researched plaintiff's inquiry before concluding that they could not provide information directly to him because his account was in active litigation. (*See id.*). Defendant's mortgage specialist indicated she was awaiting approval from defendant's litigation counsel to provide information directly to plaintiff. (*Id.* at 13). Plaintiff alleges this correspondence shows "there is a hidden agenda for plaintiff not to know, a blatant cover up." (*Id.* at 2).

### III. Legal Standard

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff has satisfied Rule 12(b)(6) if he has pled enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

**IV. Resolution**

    A. Defendant's Motion to Strike (Doc. 19) and Plaintiff's Motion for Leave to Amend (Doc. 18)

Defendant argues that plaintiff's amended complaint is untimely because it was not filed within 21 days of defendant's motion to dismiss as required under Federal Rule of Civil Procedure 15, and the Court did not grant him leave to file an amended complaint. (Doc. 19 at 3). In the alternative, defendant argues that if the Court construes the document as a motion for leave to amend, that motion should be denied because amendment would be futile. (*Id.*). Defendant contends that plaintiff's proposed amended complaint is not well-pleaded under the standards set forth in Federal Rule of Civil Procedure 8, *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*Id.* at 4). Specifically, defendant argues that plaintiff's allegations of a "hidden agenda" and "blatant cover up" do not "purport to state a legal theory upon which to base his dissatisfaction," but are "simply an 'unadorned, the-defendant-unlawfully-harmed-me accusation.'" (*Id.*) (quoting *Iqbal*, 556 U.S. at 678). Additionally, defendant contends that plaintiff has failed to comply with Federal Rule of Civil Procedure 10 by not numbering the paragraphs in his amended complaint and separating his claims. (*Id.* at 4-5).

5

Plaintiff provides the following response to defendant's motion to strike: "Plaintiff[']s October 1, 2015 motion was to reitera[t]e plaintiff[']s original complaint of June 5, 2015 for fraud, deception, cover[-]up and immeasurable damage to [his] health. Therefore plaintiff seek[s] ten million doll[a]rs and [that the Court] award plaintiff title to [his] home[.]" (Doc. 20 at 1).

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b). . . ." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court has discretion to deny a motion to amend a complaint, but must state a basis for such a denial. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The Court must consider several factors in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of the amendment. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this rule, a plaintiff must "at a minimum allege the time, place and content of the misrepresentation upon which he . . . relied; the fraudulent intent of the defendant; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud, "i.e., the time, place, and substance").

Construing plaintiff's pro se filing liberally, the Court determines that it constitutes a motion for leave to amend his complaint. Thus, the Court denies defendant's motion to strike. However, the Court also denies plaintiff's motion for leave to amend his complaint because the amendment he seeks is futile. Plaintiff's allegations of a "hidden agenda" and "cover up" on the part of defendant do not state with particularity the circumstances through which defendant allegedly perpetrated a fraud upon plaintiff. *See* Fed. R. Civ. P. 9(b); *Michaels Bldg. Co.*, 848 F.2d at 680; *Cmty. Health Sys., Inc.*, 342 F.3d at 642. Further, the correspondence from defendant that plaintiff has attached to his motion does not create a plausible inference of fraud, a "hidden agenda," or a "cover up." *See Twombly*, 550 U.S. at 570. Accordingly, the Court should deny plaintiff's motion for leave to amend his complaint.

B. Motion to Dismiss (Doc. 12)

Defendant argues in its motion to dismiss that any claim based on the pre-bankruptcy mortgage transactions is barred by judicial estoppel. (Doc. 12 at 7). Defendant contends that plaintiff swore under penalty of perjury in his 2011 bankruptcy petition that he had no potential

lawsuit or claims against any individual or entity. (*Id.* at 8). Defendant argues plaintiff is barred from now raising the claim when he failed to disclose its existence to the bankruptcy court, gaining "the benefit of a bankruptcy discharge while simultaneously shielding his assets from his creditors." (*Id.* at 9). Defendant further argues plaintiff has pled no facts that show the Integrity mortgage or 2012 loan modification are unconscionable. (*Id.* at 12). Defendant contends "there is nothing in the Complaint that alleges that [plaintiff] was acting under duress, was precluded from reading the documents, or could not understand their terms." (*Id.*). Defendant argues the outstanding principal balance, standing alone, "is not sufficient to conclude that the loan is unconscionable" when plaintiff has refinanced twice, filed for bankruptcy twice, and not alleged "that he has made every payment on his loan during the years." (*Id.*).

Plaintiff responds that his "primary issue is what happened to the fifteen years of mortgage payments made to [HIC.]" (Doc. 16 at 1). He asserts defendant has "completely dismissed" that question. (*Id.* at 1-2). He contends that 45 years of mortgage payments "is not only reprehens[i]ble but morally obscene and criminal." (*Id.* at 2). He argues defendant is culpable for the "fraud done on [him]" because defendant owns Integrity. (*Id.*). He contends that Integrity "fraudulently turned" his intention to transfer his mortgage into a refinancing, which has resulted in "a total fraud" of 45 years of mortgage payments. (Doc. 17 at 1-2).

Here, the undersigned concludes that defendant's judicial estoppel argument is not well-taken at this time. Taking judicial notice of plaintiff's bankruptcy petition, the undersigned finds that the petition does not include the page in Schedule B that asks plaintiff to disclose whether he has other contingent and unliquidated claims, including counterclaims and rights to setoff claims. (*See* Bankruptcy Petition filed Sept. 6, 2011, Doc. 12-12, Exh. L at 9-10). At the time of plaintiff's bankruptcy petition, Schedule B consisted of 35 categories of personal property. (*See* Schedule B – Personal Property, *available at*

8

www.uscourts.gov/forms/bankruptcy-forms/schedule-b-personal-property). The Schedule B included with plaintiff's petition, however, contains only page 1 (categories 1 through 11) and page 3 (categories 22 through 35). (*See* Bankruptcy Petition filed Sept. 6, 2011, Doc. 12-12, Exh. L at 9-10). Notably absent is the page of Schedule B that includes category 21, which asks a debtor to disclose "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (*See id.*; *see also* Schedule B – Personal Property, *available at* www.uscourts.gov/forms/bankruptcy-forms/schedule-b-personal-property). Thus, because the record before the Court does not contain the evidence upon which defendant bases its judicial estoppel argument—i.e., evidence that plaintiff expressly denied having any available counterclaims when he filed his bankruptcy petition—the undersigned declines to recommend dismissal of plaintiff's complaint on the basis of judicial estoppel.

However, the undersigned agrees with defendant that plaintiff's complaint fails to state a claim for relief. Again, plaintiff has failed to plead fraud with particularity. *See* Fed. R. Civ. P. 9(b); *Michaels Bldg. Co.*, 848 F.2d at 680; *Cmty. Health Sys., Inc.*, 342 F.3d at 642. Specifically, plaintiff has alleged no facts concerning how Integrity "duped" him into refinancing his mortgage when he intended to "transfer" it. (*See* Doc. 3 at 3). This conclusory allegation does not comply with the requirements of Rule 9(b) or create even a plausible inference of fraud. *See* Fed. R. Civ. P. 9(b); *Twombly*, 550 U.S. at 570.

Further, plaintiff's assertion that his Integrity mortgage is "unconscionable" is not sufficient to state a claim for relief. Under Ohio law, unconscionability has two components:

> (1) substantive unconscionability, *i.e.*, unfair and unreasonable contract terms, and
> (2) procedural unconscionability, *i.e.*, individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible. Both elements must be present to find a contract unconscionable.

9

*Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 666 (6th Cir. 2003) (quoting *Jeffrey Mining Prods., L.P. v. Left Fork Mining Co.*, 758 N.E.2d 1173, 1181 (Ohio 2001)). Unconscionability is a defense to a claim for breach of contract, not an independent claim for relief. *See, e.g., Price v. EquiFirst Corp.*, No. 1:08-cv-1860, 2009 WL 917950, at *7 (N.D. Ohio Apr. 1, 2009); *Andersons, Inc. v. Consol, Inc.*, 185 F. Supp.2d 833, 842 (N.D. Ohio 2001); *Deutsche Bank Nat'l Tr. Co. v. Pevarski*, 932 N.E.2d 887, 895 (Ohio Ct. App. 2010). Thus, plaintiff may not raise unconscionability as an independent claim.

Moreover, even if plaintiff could assert unconscionability, he cannot satisfy the requirements to show the Integrity mortgage is unconscionable. The mortgage provided for monthly payments over a 30-year period and a principal balance of $53,708. (*See* Open-End Mortgage dated Sept. 24, 2003, Doc. 12-7, Exh. G). Plaintiff has not alleged anything that could support a finding that these terms are "unfair and unreasonable." *See Morrison*, 317 F.3d at 666. While plaintiff asserts that "it is unconscionable that [he] would commit [to] thirty years above the fifteen years [he] already paid," he signed the Integrity mortgage in September 2003 and initialed each page, including the page indicating that he would be required to make monthly payments through October 2033. (*See* Doc. 3 at 3; Open-End Mortgage dated Sept. 24, 2003, Doc. 12-7, Exh. G). Further, plaintiff has not alleged any "individualized circumstances" that could support a finding that he did not understand the Integrity mortgage when he signed it or that he signed it under duress. *See Morrison*, 317 F.3d at 666. Accordingly, defendant's motion to dismiss for failure to state a claim should be granted.

## IV. Conclusion

Based on the foregoing, defendant's motion to strike (Doc. 19) is **DENIED**. Further, the undersigned **RECOMMENDS** that plaintiff's motion for leave to amend his complaint (Doc. 18) be **DENIED** and defendant's motion to dismiss (Doc. 12) be **GRANTED**.

Date: 1/5/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAWRENCE YATES,  
   Plaintiff,

vs.

WELLS FARGO HOME MORTGAGE  
   Defendant.

Case No: 1:15-cv-377  
Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).